IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 04-1165 |
| | : | |
| | : | (Criminal Action No. 99-66-1) |
| REYNALDO REGGIE VELASQUEZ | : | |

**ORDER-MEMORANDUM**

AND NOW, this   11th   day of July, 2005, the "Petition to Vacate, Set Aside, or Correct Petitioner's Sentence Pursuant to 28 U.S.C. Section 2255" is denied for the following reasons:

1. Petitioner Reynaldo Reggie Velasquez filed a "Supplement to 28 § 2255 Motion Pursuant to Rules of Civil Procedure Rule 15(d)" asserting that the sentencing guidelines were improperly enhanced based on facts found by the sentencing judge rather than the jury.[1] He requested relief under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). This issue is governed by the intervening decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Defendant's conviction became final on March 23, 2003, when his petition for writ of certiorari was denied by the United States Supreme Court. *Velasquez v. United States*, 538 U.S. 939 (2003). Because his conviction became final prior to that decision, *Booker* is inapplicable to his conviction. *Lloyd v. United States*, 2005 WL 1155220, at *6 (3d Cir., May 17, 2005) ("*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* issued."). Moreover, *Booker* will not support a petition for permission to file a second or successive § 2255 motion. *In re Olopade*, 403 F.3d 159, 160 (3d Cir. 2005) (citations omitted).

---

[1] Specifically, petitioner argues that he was sentenced based on the court's finding that he conspired to distribute in excess of 50 kilograms of cocaine and that the jury did not determine the quantity of cocaine distributed. Supplement, at 1-2.

2. The original §2255 petition also maintained that modification of petitioner's sentence was required because of ineffective assistance of sentencing counsel (who was not trial counsel). In short: Had counsel obtained trial transcripts, filed a brief based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and objected to a constructive amendment of petitioner's indictment, "the end result would have been different." Petitioner's brief at 7.

Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), as stated in *Rompilla v. Beard*, 125 S.Ct. 2456, 2462 (2005), "[i]neffective assistance of counsel . . . is deficient performance by counsel resulting in prejudice[.]" (internal citations omitted). Deficient representation means "that counsel's representation fell below an objective standard of reasonableness." *Strickland* at 687. To prove prejudice there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Here, prejudice is lacking.

Petitioner was not prejudiced by counsel's failure to file a court-requested *Apprendi* brief inasmuch as the Court of Appeals upheld his sentence on direct appeal, concluding that petitioner was not sentenced in violation of *Apprendi*.[2] *United States v. Velasquez*, 304 F.3d 237, 241 (3d Cir. 2002), *cert. denied*, 538 U.S. 939 (2003) ("We find no merit to the defendant's [*Apprendi*]

---

[2] The Third Circuit also noted that it was "curious" to raise the issue on direct appeal since "[t]he judge's refusal to submit the quantity to the jury seems favorable to the defendant because the ruling limited the possible maximum sentence to a lower level that than which would have been applicable if the jurors had found that the amount of cocaine was in excess of 50 kilograms." *United States v. Velasquez*, 304 F.3d 237, 240-41 (3d Cir. 2002), *cert. denied*, 123 S. Ct. 1609 (2003).

challenge."). Given that this case does not meet the prejudice requirement of *Strickland*, the claim of ineffective assistance of counsel cannot succeed. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").[3]

Petitioner also was not prejudiced by counsel's not making a constructive amendment argument at sentencing as to drug quantity. The petition does not dispute that the original indictment specified the drug quantity or that drug quantity could be shown at sentencing. *See* Petitioner's Brief at 11 ("At the time of the Petitioner's conviction, it was settled rule in all Circuits that drug quantity was not an element of Section 841(a) offenses, and could be proved for sentencing."). Instead, the petition urges that the government "broadened the possible bases for conviction from that which appeared in the indictment" by requesting that the "essential element" of drug amount be removed from the jury instructions. *See* Petitioner's Brief at 11, 16.

This position is incorrect for two reasons. First, on direct appeal, the Circuit approved not asking the jury decide whether the amount charged was more than 50 kilograms. *Velasquez*, 304 F.3d at 241 (finding no merit to challenge of court's submitting to the jury the determination whether the amount of cocaine was more than 50 kilograms). Since the decision was affirmed on direct appeal, the "constructive amendment" omission can not have been prejudicial. Second, drug quantity is not an element that must be found by a jury unless the sentence imposed exceeded the statutory maximum for the relevant "catch-all" provision under the applicable statute. *See United*

---

[3] The Third Circuit has "previously advised courts to consider the prejudice prong before examining the performance of counsel because this course of action is less burdensome to defense counsel." *United States v. McCoy*, 2005 WL 1322848, at *7 n.6 (3d Cir., June 6, 2005) (internal citations omitted).

Case 2:99-cr-00066-MSG   Document 92   Filed 07/11/05   Page 4 of 4

*States v. Henry*, 282 F.3d 242, 247 (3d Cir. 2002) (finding an *Apprendi* violation for sentencing defendant beyond statutory maximum of §841(b)(1)(C) when drug amount was not determined by the jury); *see also United States v. Ordaz*, 398 F.3d 236, 240 (3d Cir. 2005) ("Under § 841(b), the maximum statutory sentence for [the] § 846 conviction would appear to have been twenty years or 240 months incarceration.") (citations omitted). Since petitioner was sentenced within the statutory maximum under § 841(b)(1)(C),[4] no prejudice occurred.

The petition observes that had sentencing counsel requested and read the trial transcripts he would have seen trial counsel's objections to the jury charge and, in turn, that the indictment was "constructively amended." However, sentencing counsel was aware of the dispute regarding the amount of cocaine as well as the ultimate jury instructions - because he indeed advocated the point at sentencing. *See* Sentencing Hearing Transcript at 155. Consequently, this claim of ineffectiveness is also meritless.

Since the petition does not set forth "any facts warranting relief under §2255 that are not clearly resolved by the record," the request for an evidentiary hearing is denied, *McCoy*, 2005 WL at *8, and the petition must be dismissed.

                                                  *s/ Edmund V. Ludwig*
                                                  Edmund V. Ludwig, J.

---

[4] Additionally, "had the court submitted drug quantity to the jury to avoid an *Apprendi* issue, and had [defendant] argued to the jury that the evidence did not support a finding that the conspiracy's object concerned more than [the charged amount] the Government would have been entitled to a lesser included offense instruction." *United States v. Vazquez*, 271 F.3d 93, 105 (3d Cir. 2001).

4.